UNITED STATES DISTRT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HAWTHORNE INUDSTRIAL PRODUCTS, INC.** | * | CIVIL ACTION |
| | * | NO. 2:22-CV-02724 |
| V. | * | JUDGE ELDON FALLON |
| **HANWIN SHIPPING LIMITED, ET AL.** | * | MAG. JUDGE van MEERVELD |
| *   *   *   *   *   *   *   * | | |

### MEMORANDUM IN SUPPORT OF MOTION FOR EMERGENCY RELIEF

**MAY IT PLEASE THE COURT:**

Coastal Cargo Company, LLC ("Coastal"), made garnishee herein, is a stevedoring and terminal operating company that operates the Louisiana Avenue Terminal on the Mississippi River at Mile 98 AHP in New Orleans. Pursuant to instructions from defendant, Hanwin Shipping Limited ("Hanwin"), Coastal is currently performing stevedoring services for two vessels, M/V INDIGO SPICA and M/V BELKNIGHT. Specifically, Coastal is discharging cargo from those vessels.

On 24 August 2022, Coastal was notified by email that plaintiff, Hawthorne Industrial Products, Inc. ("Hawthorne"), had obtained a writ of attachment and garnishment directing Coastal to preserve any property and funds belonging to Hanwin. At the same time, Hawthorne sent Coastal garnishment interrogatories. Hawthorne personally served Coastal with the writ of attachment and garnishment and the garnishment interrogatories later that same day.

Coastal will respond to the garnishment interrogatories in due course. In the interim, Coastal is prepared to complete discharging both vessels if the parties can agree, or the Court orders, that Coastal will be paid in advance, without recourse. Coastal estimates that it will cost about $72,000 to complete discharge of the M/V BELKNIGHT, and about $110,000 to complete

discharge of the M/V INDIGO SPICA. Absent that agreement, or a court order, Coastal will need both vessels moved off of its dock as soon as possible, as it has other vessels scheduled to use its terminal beginning this weekend.

Hawthorne has attached the bunkers onboard the INDIGO SPICA, which presumably prevents that vessel from moving from Coastal's dock to a local anchorage. Hawthorne has also garnished funds in the hands of Hanwin's local agent, which are needed to pay local vendors, like Coastal and the Port of New Orleans (which collects dockage for the vessels Coastal discharges), and also pilots and other vendors needed to move both vessels.

Coastal is an innocent party to this dispute, and it should not have to incur losses and disruptions of its business because of the dispute between Hawthorne and Hanwin. But that is exactly what is happening now: The INDIGO SPICA and BELKNIGHT are occupying valuable dock space that is essential to Coastal's business, preventing Coastal from working other vessels. Coastal therefore prays for an Order that Hawthorne either pay all costs to move the M/V INDIGO SPICA and the M/V BELKNIGHT from Coastal's Louisiana Avenue Terminal to a local anchorage, or release sufficient funds in the hands of Hanwin's local agent to pay those costs.

Respectfully submitted,

MURPHY, ROGERS, SLOSS,
  GAMBEL & TOMPKINS

*/s/ Peter B. Sloss*

_____
Peter B. Sloss (#17142)
psloss@mrsola.com
Timothy D. DePaula (#31699)
tdepaula@mrsnola.com
701 Poydras Street
Suite 400, Hancock Whitney Center
New Orleans, LA  70139
Telephone:  (504) 523-0400
Facsimile:  (504) 523-5574
*Attorneys for Coastal Cargo Company, LLC*

4869-8354-0016, v. 1