UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HAWTHORNE INDUSTRIAL PRODUCTS, INC.**<br>　　　　　　**Plaintiff**<br><br>**VERSUS**<br><br>**HANWIN SHIPPING LIMITED**<br>also known as<br>**HANWIN SHIPPING COMPANY LIMITED,**<br>**SHANGHAI HANYING INTERNATIONAL LOGISTICS CO.,** or<br>**CITY EXPANSION LIMITED,**<br>　　　　　　**Defendants**<br><br>**AND**<br><br>**M/V INDIGO SPICA,**<br>**IMS MARITIME SA and**<br>**IMECS CO LTD**<br>　　　　　　**Garnishees** | **CIVIL ACTION NO.: 2:22-cv-02724**<br><br>**DISTRICT JUDGE:**<br>**HON. ELDON E. FALLON**<br><br>**MAGISTRATE JUDGE:**<br>**HON. JANIS VAN MEERVELD** |

## MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

**MAY IT PLEASE THE COURT:**

This is a Rule B attachment action in which property and funds of defendant, Hanwin Shipping Limited ("Hanwin"), were attached by plaintiff, Hawthorne Industrial Products ("Hawthorne"), arising out of a claim for extensive cargo damage aboard the vessels M/V INDIGO SPICA and M/V TAC IMOLA. Hanwin posted security for Hawthorne's claims in the amount of $455,578.01. Hanwin appeared through counsel, participated significantly in this action, and was provided notice of the Complaint and Entry of Default in accordance with Rule B(2). Hanwin's counsel has withdrawn, it has failed to Answer the Complaint, and despite notice of the Complaint and Entry of Default, Hanwin has failed to appear, answer, or otherwise file responsive pleadings.

Accordingly, Hawthorne respectfully requests that this Honorable Court issue a default judgment against Hanwin and in favor of Hawthorne as to the $455,578.01 being held as security in the Registry of the Court.

## BACKGROUND

On August 18, 2022, Hawthorne Industrial Products, Inc. filed a Verified Complaint against Hanwin Shipping Limited in this Honorable Court.[1] Service of Hawthorne's Verified Complaint was performed on defendant, Hanwin Shipping Limited, on August 19, 2022, through the attachment and garnishment, pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims, of property belonging to Hanwin in the custody and control of garnishee M/V INDIGO SPICA.[2] Additional writs of attachment seeking additional property of Hanwin were served on Revelle Shipping Agency, Inc., Coastal Cargo Company, LLC, and Blue Water Shipping Company as garnishees, resulting in additional garnishment of funds belonging to Hanwin. The several attachments constituted service on Hanwin pursuant to Rule B and perfected quasi *in-rem* jurisdiction as to Hanwin's up to the value of the property attached, $455,578.01. This amount has been deposited into the Registry of the Court by Hanwin.

In addition, notice of the Complaint was mailed and delivered to Hanwin via Federal Express on December 22, 2022, in satisfaction of the notice provision of Admiralty Rule B. Despite proper attachment and notice, Defendant Hanwin has failed to answer or otherwise defend the above-captioned action, and the time to answer has expired. Following Hanwin's failure to answer or otherwise defend, Hawthorne filed a Re-Urged Motion for Entry of Default,[3] which this Honorable Court granted on November 7, 2023.[4]

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 6.
[3] Rec. Doc. 37.
[4] Rec. Doc. 43.

On November 15, 2023, notice of the Entry of Default was delivered to Hanwin via email.[5] Notice was also delivered via Federal Express to Hanwin's registered office in London on November 20, 2023,[6] and to Hanwin's registered office in Shanghai on November 23, 2023.[7] Again, Defendant Hanwin has failed to answer or otherwise defend the above-captioned action. Accordingly, default judgment is appropriate in favor of Hawthorne.

## LAW AND ARGUMENT

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend, the clerk must enter default against the party. Fed.R.Civ.P. 55(a). A plaintiff seeking a default judgment against an uncooperative defendant must petition the court for entry of default and show by affidavit or otherwise that the defendant has failed to plead or otherwise defend. *Cooper v. Faith Shipping*, 2009 U.S. Dist. LEXIS 124303, at *6 (E.D. La. 6/22/09) (Vance, J.). Once default is entered, the plaintiff's well-pleaded factual allegations are deemed admitted and the plaintiff may request entry of judgment on default. *Id.* at 6-7. The disposition for the entry of default judgment ultimately rests within the discretion of the district court. *Id.*

Supplemental Rule B(2) to the Federal Rules of Civil Procedure addresses notice to a defendant in a Rule B attachment action before a default judgment may be entered:

> Notice to Defendant. No default judgment may be entered except upon proof—which may be by affidavit—that:
>
> (a) the complaint, summons, and process of attachment or garnishment have been served on the defendant in a manner authorized by Rule 4;

---

[5] See Affidavit of Aaron B. Greenbaum, dated November 30, 2023, attached hereto as Exhibit "A," and e-mail correspondence attached hereto as Exhibit "A-1."
[6] See Exhibit "A," Affidavit of Aaron B. Greenbaum, delivery confirmation with signature, attached as Exhibit "A-2."
[7] See Exhibit "A," Affidavit of Aaron B. Greenbaum, delivery confirmation, attached as Exhibit "A-3."

>(b) the plaintiff or the garnishee has mailed to the defendant the complaint, summons, and process of attachment or garnishment, using any form of mail requiring a return receipt; or
>
>(c) the plaintiff or the garnishee has tried diligently to give notice of the action to the defendant but could not do so.

Thus, Rule B does not require personal service of the Complaint in a manner authorized by Federal Rule of Civil Procedure 4 in order for a plaintiff to take a default judgment. Rather, "notice" under Rule B may be provided by a mailing to the defendant or through diligent efforts to give notice of the action to the defendant. Under those requirements, Hanwin undisputedly had notice, has failed to answer the Complaint, and default judgment is appropriate.

On August 24, 2022, Hanwin made a restricted appearance in this matter through counsel located in New Orleans, Louisiana.[8] Hanwin undisputedly had notice of the Complaint, Summons, and Process of Attachment because it filed a Notice of Collateral Proceedings, also on August 24, 2022, wherein Hanwin confirmed receipt of the Complaint and expressly referenced the Complaint.[9] On August 25, 2022, Hanwin filed a Motion for Emergency hearing to Release Writs of Maritime Attachment & Garnishment, or in the Alternative, to Set Security.[10] On August 26, 2022, this Honorable Court held a hearing on Hanwin's Motion, in which Hanwin's counsel participated, the result of which was that Hanwin's Motion was granted and that it was ordered to post security in the amount of $360,000 which it did.[11] Overall, garnished funds in the amount of $455,578.01 were held by Hanwin's counsel in its law firm trust account as security for Hawthorne's claim.[12]

---

[8] See Rec. Doc. 18, Restricted Appearance of Hanwin.
[9] See Rec. Doc. 19, Notice of Collateral Proceedings ("The Verified Complaint filed in this action (doc. 1) refers to the *Transatlantica* action in paragraphs 6 and 9, and the two actions involve the same cargo fire aboard the same vessel (the TAC IMOLA), and both actions involve attachments or garnishments under Supplemental Admiralty Rule B.").
[10] Rec. Doc. 26.
[11] See Rec. Doc. 32, Minute Entry.
[12] See Rec. Doc. 48, civ. no. 22-cv-2454 c/w 22:-cv-2724.

4

On October 12, 2022, Hanwin filed a Motion to Dismiss Hawthorne's Verified Complaint.[13] Again, Hanwin repeatedly cited to the Complaint, of which it undisputedly and necessarily had notice.[14] Hanwin later withdrew its Motion to Dismiss.[15]

On March 14, 2023, Hanwin's counsel filed a Motion to Withdraw as counsel for the defendant, in which it confirmed that a copy of the Motion was sent to Hanwin at its registered London address (**Dept 906 196 High Road, Wood Green, London, N22 8HH**), as well as the e-mail addresses public@hanwinshipping.com and nicole@hanwinshipping.com.[16]

On April 3, 2023, Hanwin filed a Consent Motion to Deposit Funds into the Registry of the Court, concerning the $455,578.01 being held as security for Hawthorne's claims. On April 3, 2023, the Court granted Hanwin's counsel's Motion to Withdraw,[17] and the Motion to Deposit Funds into the Court's Registry.[18] No further action was taken by Hanwin in its defense and on July 14, 2023, this Honorable Court ordered a Docket Call concerning Hawthorne's claims.[19]

To be clear Hanwin participated significantly in this litigation and undisputedly had notice of the Complaint, Summons, and Process of Attachment under Rule B, which it repeatedly acknowledged in its own pleadings.

Nevertheless, on December 22, 2022, the Complaint, Summons, and Process of Attachment were all mailed to Hanwin at its registered offices in London and Shanghai via Federal Express with delivery confirmation (signature included).[20] Furthermore, the correspondence

---

[13] See Rec. Doc. 31, civ. no. 22-cv-2454 c/w 22:-cv-2724.
[14] See e.g. Rec. Doc. 31-1, pp. 2-3, civ. no. 22-cv-2454 c/w 22:-cv-2724.
[15] Rec. Doc. 41, Order, civ. no. 22-cv-2454 c/w 22:-cv-2724.
[16] Rec. Doc. 42, civ. no. 22-cv-2454 c/w 22:-cv-2724.
[17] Rec. Doc. 46, civ. no. 22-cv-2454 c/w 22:-cv-2724.
[18] Rec. Doc. 47, civ. no. 22-cv-2454 c/w 22:-cv-2724.
[19] Rec. Doc. 53, civ. no. 22-cv-2454 c/w 22:-cv-2724.
[20] See Rec. Doc. 39-2, Affidavit of Aaron B. Greenbaum, at ¶¶ 20-23.

directed to Hanwin and pleading enclosures were sent via e-mail to Hanwin's then-counsel of record.[21]

On November 15, 2023, notice of the Court's Entry of Default was delivered to Hanwin via email.[22] Notice was also delivered via Federal Express to Hanwin's registered office in London on November 20, 2023,[23] and to Hanwin's registered office in Shanghai on November 23, 2023.[24]

Hawthorne has undisputedly complied with the notice requirements pursuant to Supplemental Admiralty Rule B(2)(b) and Rule B(2)(c). Pursuant to Rule B(3)(b), Hanwin was required to "serve an answer within 30 days after process has been executed, whether by attachment of property or service on the garnishee." Following the withdrawal of its counsel, Hanwin has not appeared, answered, or taken any action in the defense of the claims against it. Hanwin has abandoned its defense and the funds being held as security in the Registry of the Court.

Because Hanwin has failed to timely answer, object, or file any responsive pleading, Hawthorne is entitled to a Default Judgment in the amount of $455,578.01, which is the security being held in the Registry of the Court. Hawthorne specifically reserves its claims with respect to any additional damages above $455,578.01 regarding the M/V INDIGO SPICA and all claims and counts with respect to damages to cargo carried aboard the M/V TAC IMOLA.

## CONCLUSION

For the foregoing reasons, this Honorable Court should grant Hawthorne Industrial Products, Inc.'s Motion for Default Judgment, in the amount of $455,578.01 which represents security for its claim currently sequestered in the registry of this Honorable Court. Following this

---

[21] *Id*. at ¶ 24.
[22] See Affidavit of Aaron B. Greenbaum, dated November 30, 2023, attached hereto as Exhibit "A," and e-mail correspondence attached hereto as Exhibit "A-1."
[23] See Exhibit "A," Affidavit of Aaron B. Greenbaum, delivery confirmation with signature, attached as Exhibit "A-2."
[24] See Exhibit "A," Affidavit of Aaron B. Greenbaum, delivery confirmation, attached as Exhibit "A-3."

Honorable Court's issuance of the default judgment, Hawthorne will file a Motion to Disburse funds being held in the Registry of the Court.

                                              Respectfully submitted:

*/s/ Aaron B. Greenbaum*
Aaron B. Greenbaum T.A. (#31752)
Salvador J. Pusateri (#21036)
Shelia R. Tolar (#40076)
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Aaron.Greenbaum@pjgglaw.com
Salvador.Pusateri@pjgglaw.com
Shelia.Tolar@pjgglaw.com

**AND**

*/s/ Robert E. O'Connor*
Robert E. O'Connor (NY #4899316)
MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP
437 Madison Avenue, 29th Floor
New York, NY 10022
Telephone: 212-551-7794
Facsimile: 212-599-1759
roconnor@mmwr.com
Admitted *Pro-Hac Vice*
**COUNSEL FOR PLAINTIFF, HAWTHORNE INDUSTRIAL PRODUCTS, INC.**